UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID C. LETTIERI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action 25-cv-13250-IT |
| | * |
| D. WIGGINS, et al., | * |
| | * |
| Defendants. | * |
| | * |

MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

December 17, 2025

TALWANI, D.J.

Plaintiff David Lettieri, proceeding *pro se*, has filed a Complaint [Doc. No. 1] against corrections officers and administrators of FMC Devens, where he is confined. Lettieri also filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2]. The instant case was assigned to Magistrate Judge Page Kelley, who found that Plaintiff was ineligible to proceed *in forma pauperis* because he has filed more than three non-habeas actions in federal district courts that were dismissed for failure to state a claim upon which relief may be granted. See Order on Pl.'s Mot. 1–2 [Doc. No. 4] (citing 28 U.S.C. § 1915(g)). The Magistrate Judge denied the motion without prejudice and ordered Plaintiff to pay the $405 filing fee or show good cause for why Plaintiff should not be required to do so. Id. at 1. Plaintiff subsequently filed a Response to Court Order [Doc. No. 6], which the Magistrate Judge construed as an objection under Fed. R. Civ. P. 72(a). Electronic Order [Doc. No. 7]. The matter accordingly was reassigned to a District Judge.

This court treats the Magistrate Judge's Order on Plaintiff's Motion [Doc. No. 4] ("R. & R.") as a report and recommendation on Plaintiff's Motion for Leave to Proceed in Forma

1

Pauperis [Doc. No. 2] and makes a *de novo* determination of those portions of the report and recommendation to which Plaintiff has objected. See 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3).

### I.    Background

The fee for filing a non-habeas civil action consists of a $350 statutory fee, see 28 U.S.C. § 1914(a), and a $55 administrative fee. Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* (i.e., without prepayment of the filing fee) if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed in forma pauperis if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. Id.; see Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.").

### II.    Discussion

As the Magistrate Judge correctly determined, the three-strikes rule is applicable here because he has, while a prisoner, filed more than three non-habeas actions that federal district courts, including this court, have dismissed for failure to state a claim upon which relief may be granted. See R. & R. 2 [Doc. No. 4] (collecting cases); Lettieri v. Santander Bank N.A., 2025 WL 2823585, at *1 (1st Cir. June 18, 2025) (affirming Plaintiff's "'three-strikes' status"). Accordingly, Plaintiff cannot proceed with this case without prepaying the filing fee unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his Complaint, Plaintiff alleges he was subject to an "unlawful search and seizure," resulting from a "false ticket," in which his "legal work [and] case files" were taken. Compl. 1–2

2

[Doc. No. 1]. While the crux of Plaintiff's Complaint seems to relate to FMC Devens officers throwing away caselaw Plaintiff had printed at his own cost, Plaintiff also includes the allegation that Defendants threatened to transfer Plaintiff to a more dangerous facility where he "could be stabbed[.]" Id. at 2. Additionally, Plaintiff alleges that "the [Discipline] hearing officer had threaten[ed] to punch" him. Id. at 3.

As the Magistrate Judge properly found, neither of these threats place Plaintiff in "imminent danger of serious physical injury," sufficient to bypass the three-strikes rule and proceed *in forma pauperis*. 28 U.S.C. § 1915(g); R. & R. 3–4 [Doc. No. 4]. The first allegation, the threat of transfer to a dangerous facility where Plaintiff "could be stabbed," is inherently remote and speculative. Accord Lettieri v. Federal Medical Center Devens, 2025 WL 3442631, at *1 (D. Mass. Dec. 1, 2025) (finding same allegation to be "speculative and not imminent.").

This court also agrees with the Magistrate Judge's finding that Plaintiff's second claim, that a hearing officer threatened to punch him, is similarly speculative and "conclusory." R. & R. 4 [Doc. No. 4]. In his Response [Doc. 6] to the Magistrate Judge's Report and Recommendation [Doc. No. 4], Plaintiff cites out-of-circuit caselaw as support for the validity of his alleged threat. See Pl.'s Resp. 1–2 [Doc. No. 6] (citing Jackson v. Bolton, 2024 WL 314530 (6th Cir. Jan. 24, 2024)). In Jackson, the Sixth Circuit allowed a prisoner to proceed *in forma pauperis* where the prisoner received multiple "specific" threats of assault and murder. 2024 WL 314530, at *2–3. The Jackson prisoner detailed in his complaint "the person who made the threat, the content of the threat, and the date, time, and place that the threat occurred." Id. Additionally, the Jackson, prisoner described finding a "razor blade in his biscuit," while eating dinner hours after receiving a threat of violence. Id. at *1.

Plaintiff provides no specificity relating to the context of his second allegation, merely alleging that an unnamed prison employee threatened to punch him during a hearing. Compl. 3 [Doc. No. 1]. While Plaintiff is not required to "affirmatively prove" an allegation of imminent danger at this stage of litigation, Plaintiff's allegations lack any indicia of plausibility, and the court is unable to "draw reasonable inferences" that Plaintiff's alleged threats are "real and proximate." Jackson, at *2 (citing Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013)).

### III. Conclusion

Having reviewed the Report and Recommendation [Doc. No. 4] and Plaintiff's Response [Doc. No. 6] *de novo*, I agree with the Magistrate Judge's determination. Plaintiff is subject to the three-strikes provision and has not sufficiently alleged that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In accordance with the foregoing, the court hereby orders that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 5] is DENIED. This court adopts the Magistrate Judge's order that Plaintiff pay the $405 filing fee within twenty-eight (28) days of this order. If Plaintiff fails to do so, this action will be dismissed without prejudice for failure to pay the filing fee.

IT IS SO ORDERED.

December 17, 2025                              /s/ Indira Talwani
                                               United States District Judge